

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-513-09

---

### ROSS A. RODRIGUEZ, ATTORNEY AT LAW, SURETY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

**HERVEY, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant executed a $100,000 bail bond (having been reduced from $1,000,000) for a client who had been charged with possession of more than 400 grams of a Penalty Group 1 controlled substance (cocaine).[1] The punishment range for this possession offense is 10 to 99 years, or life, in

---

[1] The client and a co-defendant were arrested with about 42 pounds of cocaine in their possession. The co-defendant was charged with possession and also with possession with intent to deliver a Penalty Group 1 controlled substance. The total amount of the co-defendant's bond on these charges was $100,000 (having been reduced from $1,000,000). The co-defendant made this bond through a bail-bond company. The client and the co-defendant failed to appear for their trials.

prison and a fine not to exceed $100,000. *See* Section 481.115(f), TEX. HEALTH & SAFETY CODE. The client was later indicted in a two-count indictment for possession and also for possession with intent to deliver more than 400 grams of the same Penalty Group 1 controlled substance. The punishment range for the possession-with-intent-to deliver offense is 15 to 99 years, or life, in prison and a fine not to exceed $250,000. *See* Section 481.115(f), TEX. HEALTH & SAFETY CODE. The client failed to appear for trial on this indictment and appellant and the client, jointly and severally, were ordered to pay the full amount of the $100,000 bond. The court of appeals rejected appellant's claim that he was not liable on the bond because "the State, by increasing the charges [to include a possession-with-intent-to-deliver count], unilaterally and without his consent increased his risk" that the client would not appear for trial. *See Rodriguez v. State*, 283 S.W.3d 465, 470-71 (Tex.App.–San Antonio 2009). The ground upon which we granted discretionary review states:

> Whether a bail bond surety is liable after executing a bail bond when the State of Texas subsequently changes and adds more serious charges to the charge for which the surety executed the bail bond.

Having examined the record and briefs and considered the arguments in this case, we conclude that our decision to grant review was improvident. We therefore dismiss the appellant's petition for discretionary review as improvidently granted.

Hervey, J.

Delivered: November 4, 2009
Publish